**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

BRENDA SMITH                                                                                    PETITIONER

V.                                                                                     NO. 1:06CR0074-WAP

UNITED STATES OF AMERICA                                                        RESPONDENT

**MEMORANDUM OPINION**

This matter comes before the court on Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. The Government has responded and this matter is now ripe for review.

*A. Factual and Procedural Background*

On April 25, 2006, Brenda Smith was named, along with six of her sisters, in a 265 count indictment for various fraudulent activities occurring over a period of approximately three years.[1] Attorney Ken Coghlan was appointed to represent Smith. On August 10, 2006, with the assistance counsel, Smith entered into a written plea agreement. On August 31, 2006, Smith pled guilty to Count One of the indictment which charged her with "conspiracy to commit wire fraud, identify theft, identification and authentication fraud and possessing and using counterfeit and forged bank checks with intent to defraud" in violation of 18 U.S.C. § 371. After most of her objections to the presentence report were overruled, Smith was sentenced to 60 months imprisonment and ordered to pay restitution in the amount of $346,946.00. The remaining counts of the indictment were dismissed. Smith timely pursued an appeal. On August 1, 2007, the Court of Appeals affirmed Smith's sentence and conviction and the United States Supreme Court denied certiorari on

---

[1] A superseding indictment was entered on May 24, 2006, for essentially the same charges.

December 11, 2007. *United States v. Smith*, No. 06-61170, 2007 WL 2201789 (5th Cir.) *cert. denied*, 128 S. Ct. 725 (2007).

On August 11, 2008, Smith filed her § 2255 motion asserting essentially nine grounds for relief. Smith's claims are as follows:

| | |
|---|---|
| Ground One | the court lacked jurisdiction; |
| Ground Two | the court committed error when it denied Smith's request to withdraw her guilty plea prior to sentencing; |
| Ground Three | counsel was ineffective in failing to convince the court to allow her to withdraw her guilty plea; |
| Ground Four | the court erred by failing to inform her of the possibility that the sentence could be consecutive to any state sentence imposed; |
| Ground Five | the court erred by failing to inform Smith that she could be required to make restitution, imposing restitution, and the restitution exceeded the actual loss; |
| Ground Six | there was no finding regarding the "scope of the conspiracy agreement"; |
| Ground Seven | Smith did not receive notice under the Guidelines and Rule 32 regarding the possibility that her sentence might be consecutive to any state sentence; |
| Ground Eight | the Government constructively amended the indictment; and |
| Ground Nine | the federal prosecution violated double jeopardy. |

### B. Standard for Review

After a defendant has been convicted and exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Accordingly, relief under 28 U.S.C. § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct

appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). A criminal defendant seeking relief from his conviction or sentence in a motion to vacate pursuant to § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

When a defendant raises an issue for the first time during collateral review, he must ordinarily show both cause for his procedural default and actual prejudice resulting from the alleged error. *Gaudet*, 81 F.3d at 589. The "cause and actual prejudice" standard is "significantly more rigorous than even the plain error standard applied on direct appeal." *Id.* The procedural bar does not apply, however, to a claim which could not have been raised on direct appeal, such as those alleging ineffective assistance of counsel. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992). Conversely, issues raised and disposed of in an appeal from an original judgment of conviction are not to be considered in collateral § 2255 motions. *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004).

**Issues Raised on Appeal are Barred from Consideration**

In Ground One, Smith alleges that the court did not have jurisdiction to entertain the charges against her. Smith specifically avers that Count One, to which she entered a guilty plea, did not include an object of the conspiracy prohibited under 18 U.S.C. § 513. In Ground Two, Smith

3

contends the court erred when it denied her motion to withdraw her guilty plea prior to sentencing. Like Ground One, her motion to withdraw was based upon the theory that Count One failed to allege a crime. In Ground Six, Smith suggests that there was no finding as to the scope of the conspiracy. In other words, her argument can be characterized as a challenge to the factual basis supporting her guilty plea.

Smith unsuccessfully appealed her sentence setting forth the same or similar arguments. *See Smith*, 2007 WL 2201789 at *1 (5th Cir. Aug. 1, 2007). The appellate court flatly rejected versions of these same arguments and held, "the factual basis was also sufficient as to two of the objects of the conspiracy." *Id.* at *1. Since the claims she now asserts have been considered and rejected in a direct appeal, these issues cannot be revisited collaterally in a 2255 proceeding. *Webster*, 392 F.3d at 791. Therefore, the court is barred from reviewing Smith's Ground One, Two and Six.

**Issues that could have been Raised on Appeal are Barred from Consideration**

Grounds Four, Five, Seven, Eight and Nine could have been raised on direct appeal. Ordinarily when a defendant raises an issue for the first time during collateral review, he must show both cause for his procedural default and actual prejudice resulting from the alleged error. *Gaudet*, 81 F.3d at 589. Smith has made no showing of cause or prejudice. Accordingly, Smith's Grounds Four, Five, Seven, Eight and Nine are barred from consideration by the procedural default doctrine due to her failure to raise them on direct appeal. Procedural bar notwithstanding, the court will briefly address these Grounds.

<u>Grounds Four and Seven: Consecutive Sentence</u>

Smith claims that the court erred when it failed to provide her with notice that her sentence could be imposed consecutive to any state or federal sentence. Smith specifically avers that the

4

court failed to comply with Criminal Rule 32 and U.S.S.G. § 5G1.3.

Based on her supporting argument, Smith is presumably referring to the notice requirement of Rule 32(h) which requires the court to give "reasonable notice that it is" contemplating a departure from the advisory Guidelines range. Smith's claim, however, is misplaced. Based on a total offense level of 17 and criminal history category of VI, Smith's Guidelines range was 51 to 60 months imprisonment. Smith was sentenced to 60 months imprisonment–the most advised under the Guidelines and the statutory maximum. Thus, there was no departure from the Sentencing Guidelines and the notice requirement of Rule 32 was not implicated.

Section 5G1.3 of the Guidelines provides, in part,

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

If subsection (a) does not apply and the undischarged term of imprisonment is relevant conduct, the court must adjust the sentence for any period of imprisonment already served and the sentence must be served concurrently. U.S.S.G. § 5G1.3(b). Smith proposes that subsection (a) fully quoted above does not apply to her circumstances and, thus, she concludes her federally imposed sentence should run concurrent to her state sentence as directed under subsection (b).

Again, Smith's claim is incorrect. First, it has been routinely recognized that the technical application of the Guidelines does not give rise to a constitutional issue cognizable on collateral review of a 2255 motion. *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994). Furthermore, Smith was sentenced on state charges that were similar to or the same type of crimes which formed the basis for this federal prosecution–essentially passing bad and fraudulent checks. This federal

5

case, however, was not based upon the same conduct or events for which the state imposed sentence. In other words, the state offenses were not included in the conspiracy charge described in Count One of the indictment. The conduct was not "relevant" as contemplated by subsection (b). There was no proof to the contrary. Furthermore, Smith was serving a six year term of incarceration–the "undischarged sentence"– for the state offenses when this federal sentence was imposed. Accordingly, the imposition of the consecutive sentence was proper under U.S.S.G. § 5G1.3(a). Despite the procedural bar, Grounds Four and Seven have no merit.

Ground Five: Restitution

In Ground Five, Smith takes issue with practically every aspect of the restitution ordered. The Mandatory Victims Restitution Act ("MVRA") requires that defendants make restitution to the victim or victims of certain crimes such as offenses "committed by fraud or deceit." *See* 18 U.S.C. § 3663A(c)(1)(A)(ii); *United States v. Stouffer*, 986 F.2d 916, 928 (5th Cir. 1993). "Where a fraudulent scheme is an element of the conviction, the court may award restitution for actions pursuant to that scheme." *United States v. Cothran*, 302 F.3d 279, 289 (5th Cir. 2002). On the other hand, "when the count of conviction does not require proof of a scheme, conspiracy, or pattern . . . the defendant is only responsible to pay restitution for the conduct underlying the offense for which he has been convicted." *United States v. Maturin*, 488 F.3d 657, 660-64 (5th Cir. 2007). Stated differently, the MVRA does not permit restitution awards to exceed a victim's loss. *United States v. Beydoun*, 469 F.3d 102, 107 (5th Cir. 2006).

To recap, Smith plead guilty to Count One of the indictment which charged a conspiracy to commit fraud in violation of 18 U.S.C. § 371. Based on the 265 count indictment, the presentence report attributed $346,946.00 in losses to the fraudulent scheme carried out by Smith and her

6

codefendants. Thus, the order of restitution is clearly proper as the count of conviction charge a "scheme, conspiracy, or pattern of criminal activity." 18 U.S.C. § 3663A; *United States v. Smith*, 528 F.3d 423, 425 n.3 (5th Cir. 2008) (affirming the sentence of a codefendant and holding that the MVRA applies to "any offense committed by fraud or deceit."). Further, the Government set forth ample uncontradicted evidence of the total loss of the scheme during the plea and sentencing hearing. Plea Tr. pp. 22-28 (Aug. 31, 2006); Sent. Tr. pp. 21-23 (Nov. 22, 2006). For all the forgoing reasons, the court finds that the fact and amount of restitution ordered was not improper but, in any event, does not rise to the level of a constitutional violation worthy of federal habeas relief. *See United States v. Keith*, 73 Fed. Appx. 35, 37, 2003 WL 21892519 at *1 (5th Cir. Aug. 8, 2003) (defendant can be held accountable for entire conspiracy despite plea to only a single instance of fraud).

Ground Eight: Constructive Amendment of the Indictment

Smith devotes a reasonable amount of time addressing this claim but fails to apply the law to the facts of her case describing how the indictment was purportedly amended. She does, however, claim that there was "no factual basis for defendant's plea in the record." This argument is completely contradicted by the transcripts from the plea hearing containing approximately six pages devoted to the supporting facts. Plea Tr. pp. 22-28.

Smith also suggests that the indictment was defective because the fictitious banks upon which some of the checks were drawn were not "organizations" for the purposes of Section 513(a) and, thus did not involve interstate commerce. In order to establish a violation of Section 513(a), the government must prove that the defendants (1) made, uttered, or possessed (2) a counterfeit security (3) of an organization (4) with intent to deceive another person, organization, or

7

government." *United States v. Chappell*, 6 F.3d 1095 (5th Cir. 1993). The statute defines "organization" as a "legal entity . . . which operates in or the activities of which affect interstate or foreign commerce." 18 U.S.C. § 513(c)(4). It has been widely recognized that "fictitious entities are not organizations" under 18 U.S.C. § 513. *E.g. United States v. Wade*, 266 F.3d 574, 581 (6th Cir. 2001); *United States v. Barone*, 71 F.3d 1442 (9th Cir. 1995) ("nonexistent shell companies on whose accounts checks were drawn in course of scheme to utter forged securities were not 'organizations' whose activities affected interstate commerce."); *cf. United States v. Pebworth*, 112 F.3d 168, 169-70 (4th Cir. 1997) (held opposite of 9th Circuit's *Barone,* checks were drawn on non-existent banks and corporations were sufficient for a violation of Section 513). The Fifth Circuit has held that "Section 513 does not expressly or impliedly state that a document may be the security of only one organization." *Chappell*, 6 F.3d at 1099; *see also United States v. Jackson*, 155 F.3d 942, 946 (8th Cir. 1998) (holding that the bank on which fraudulent checks were drawn is an "organization") (citing *United States v. Chappell*, 6 F.3d 1095 (5th Cir. 1993)). The "organization" element, therefore, can be satisfied by proving that either the payor companies or the drawee banks are legal entities. *See United States v. Lee*, 439 F.3d 381, 385 (7th Cir. 2006).

Smith's argument fails for several reasons. Foremost, the indictment included 265 instances where the Defendants passed forged checks. Some, but not all, of the checks did bear the name of fictitious banks. There were, however, countless instances where the fraudulent checks included the name of legitimate entities such as "Citizens National Bank," "Merchants and Farmers Bank," "Union Planters Bank," "First Security Bank," "First State Bank," and "PHB Employees Federal Credit Union."

Furthermore, the Fifth Circuit rejected a variation of this argument in *United States v. Chappell*, 6 F.3d at 1099. The *Chappell* defendants argued that their counterfeit checks did not have an impact on interstate commerce and the government failed to prove the interstate commerce element. *Id.* at 1099. Upholding the convictions, the court explained that a violation of Section 513 occurs where "the scheme was structured to deceive the check-cashing" businesses. *Id.* Further, evidence demonstrating that the "defendants sought to induce store employees to part with [property] in their possession through presentation of counterfeit documents" is sufficient to sustain a conviction under Section 513. *Id.*

The *Chappell* check-cashing scheme is similar to the facts of this case where Smith and her codefendants passed fraudulent checks in order to obtain merchandise. While some of the checks may have been drawn against fictitious banks, it is clear that the checks were passed to various retail establishments in order to deceive businesses and ultimately victimizing Certergy. Accordingly, there is no question that the fraudulent securities used by Smith and her codefendants satisfied the "organization" and "interstate commerce" elements of Section 513(a) as circumscribed by precedent.[2] *See United States v. Van Shutters*, 163 F.3d 331, 339 (6th Cir. 1998) (a defendant should

---

[2] In *United States v. Reasor*, 418 F.3d 466, 469 n.4 (5th Cir. 2005), the court held that a guilty plea was invalid because the factual basis failed to provide any evidence that the forged check drawn against a church's account had any impact on interstate commerce. *Reasor*, however, is distinguishable from this case. The holding in *Reasor* was based upon the court's finding that a church is not an "organization" within the meaning of Section § 513 because the church did not have "operations in or activities affecting interstate commerce." *Id.* at 473. Further, the *Reasor* court found that the indictment was drawn very narrowly allowing the government to prove its case based on one factual pattern as opposed to choosing from several alternatives. *Id.* at 477.

Here, the indictment specifically identified several banks as well as the ultimate "victim" of the scheme, Certergy Incorporated, that were defrauded by Smith and her codefendants. Certergy is clearly an "organization" for the purposes of Section 513. *See United States v. Hanson*, 132 Fed. Appx. 981, 2005 WL 1332607 (3d Cir. Jun. 7, 2005) (checks drawn on

not be able to subvert liability under Section 513 by relying in his inability to create a perfect forged instrument). Ground Eight has no merit.

Ground Nine: Double Jeopardy

Next, Smith claims that her sentence and conviction are infirm because she was prosecuted in state court and federal court for similar offenses. No person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. AMEND. V. Double jeopardy concerns are implicated where a defendant is retried for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 413-15, 100 S. Ct. 2260, 65 L. Ed. 2d 228 (1980). It is well established, however, that a defendant may be tried for the same criminal act or transaction in both state and federal venues without running afoul of the Constitution. Stated differently, an acquittal or conviction in state court under state law will not bar a prosecution in a federal court under a federal law. *United States v. Logan*, 949 F.2d 1370, 1379-80 (5th Cir. 1991); *United States v. Brown*, 551 F.2d 619, 620 (5th Cir. 1977). The dual sovereignty doctrine permits both the federal and state governments to punish a defendant for the same offense without violating the double jeopardy clause. *United States v. Devine*, 934 F.2d 1325, 1343 (5th Cir. 1991) (citing *United Stats v. Lanza*, 260 U.S. 377, 382, 43 S. Ct. 141, 142, 67 L. Ed. 314 (1922)).

Here, it is not at all clear that Smith was convicted for the same criminal act though the crimes were of the same nature–passing fraudulent securities. Additionally, even if the state and federal charges were based on the same event–or passing the same fraudulent check–the double jeopardy clause does not protect Smith from both convictions. *Devine*, 934 F.2d at 1343. Lastly, Smith's state court conviction was for uttering forgery and fraud in contrast to this federal

---

fictitious personal accounts of a legitimate bank were instruments of an "organization.").

conviction for "conspiracy." The respective crimes are based on violations of different state and federal laws. Smith's double jeopardy claim, thus, has no merit.

Ground Three: Ineffective Assistance of Counsel

Ground Three is based upon the effectiveness of Smith's attorney, Ken Coghlan. When a defendant collaterally attacks his conviction or sentence based on the effectiveness of his counsel, he has the burden of proving by a preponderance of the evidence that his constitutional rights have been violated. *Johnson v. Zerbst*, 304 U.S. 458, 469, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938); *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976). In order to demonstrate ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A petitioner must satisfy *both* prongs of the *Strickland* test to succeed. *Id.* at 687.

In Ground Three, Smith asserts that her attorney was ineffective for failing to convince the court to allow withdrawal of the guilty plea. At the sentencing hearing, Smith made a motion through her counsel to withdraw her guilty plea. Sent. Tr. p.2. Counsel did so at Smith's request setting forth a lengthy argument. *Id.* at pp.3:10 to 19:21. After hearing the motion and opposition, the court reviewed the seven factors prescribed in *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). Sent. Tr. pp. 18:22 to 20:3. Based on the totality of the circumstances and finding that Smith had failed to satisfy any of the seven factors, the motion to withdraw was denied. *Id.* at p. 20:3.

11

The record clearly demonstrates that defense counsel zealously and capably argued the motion to withdraw. Although he was not successful, his performance in this regard was far from deficient. In fact, the Fifth Circuit specifically affirmed the denial of the motion to withdraw. *Smith*, 2007 WL 2201789 at *1. Additionally, the court notes that Smith was given ample opportunity to object to her attorney's performance prior to sentencing. For instance, the court specifically asked Smith "are you satisfied with your attorney's representation of you; that it, do you believe that he has competently represented your best interest in the matter?" Plea Tr. p. 5:11-14. Smith responded affirmatively. *Id*. Smith was also given the opportunity to address the court during sentencing but mentioned nothing of her attorney's performance.

Formal declarations in open court are entitled to a strong presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Smith's sworn statements in open court contradict her current claim of ineffective assistance. Therefore, Ground Three is insufficient to justify habeas relief.

## C. Conclusion

For all the foregoing reasons, Smith's motion to vacate will be denied. The claims neither singularly or collectively are sufficient to warrant federal habeas relief.

A final judgment shall issue in accordance with this opinion.

This the 23rd day of December, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE