# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

BRENDA SMITH     PETITIONER

V.     NO. 1:06CR074-WAP

UNITED STATES OF AMERICA     RESPONDENT

## MEMORANDUM OPINION

Presently before the court is a motion for stay of restitution by Brenda Smith, a federal inmate proceeding pro se. The record reflects that Petitioner pled guilty to conspiracy to defraud for which she was sentenced to 60 months imprisonment and ordered to pay restitution in the amount of $346,946.00.[1] While incarcerated, Smith voluntarily participated in the Inmate Financial Responsibility Program ("IFRP"). In her motion, Smith complains that the Bureau of Prisons' ("BOP") policy for calculating and regularly withdrawing an amount from her prison inmate account towards the ordered restitution has created an undue hardship. The Petitioner complains that the amount withdrawn in satisfaction of the restitution order does not take into consideration her $17.00 monthly earnings.

### Modification of Restitution

Modification of a restitution order is governed by 18 U.S.C. § 3664(k) which provides in pertinent part that upon the receipt of a material change in economic circumstances, "the court may, on its own motion, or the motion of any party . . . adjust the payment schedule." By its plain and unambiguous language the statue requires a "material change in the defendant's economic circumstances" before the court may adjust the restitution payment schedule based on this information "as the interest of justice require." *Id.* The payment schedule will only be altered, however, if there is a "bonafide change in the defendant's financial condition" that affects his ability to pay restitution. *Cani v. United States*, 331 F.3d 1210, 1215 (11th Cir. 2003). The petitioner bears

---

[1] The Petitioner and her codefendants are jointly and severally liable for this amount.

the burden of proving that his circumstances have changed enough to warrant such a modification. *United States v. Hill*, No. 98-3709, 1999 SL 801543 at *1 (6th Cir. Sept. 28, 1999).

Inmate Financial Responsibility Program

The IFRP encourages inmates to develop a plan to meet various financial obligations, including orders of restitution. *See* 28 C.F.R. §§ 545.10-545.11. Non-participation in the program can lead to the loss of some privileges, including, *inter alia*, limitations on inmate pay, work and housing restrictions, and eligibility for community-based programs. *Id.* at § 545.11(d). The BOP has the authority to create a financial plan for an inmate through the IFRP and to impose penalties if he failed to accept its terms. *United States v. Lemoine*, 546 F.33 1042, 1046 (9th Cir. 2008).

Under the IFRP, "unit staff" develop a financial plan for each inmate and monitor his or her progress in adhering to that plan. 28 C.F.R. § 545.11. In doing so, they conduct an independent assessment of an inmate's ability to pay by reviewing their financial obligations and all available documentation. *Id.* at § 545.11(a). As is the case here, the IFRP typically requires a minimum payment of $25 per quarter for non-UNICOR and UNICOR grade 5 inmates.[2] *Id.* at § 545.11(b)(1). The BOP may obtain payments from funds earned through prison employment as well as from funds received from outside sources, such as money sent by relatives. *Id.* at § 545.11(b).

According to BOP policy, the IFRP coordinator will review monthly transactions to determine if an inmate has paid less than the amount specified in the financial plan. *BOP Program Statement* CPD/CPB, P5380.01 (Jan. 27, 2000). An inmate who fails to satisfy the financial payments or refuses to participate in the program will be categorized in "refuse" status. *Id.* The consequences for refusing to participate in the IFRP are enumerated at 28 C.F.R. § 545.11(d). An inmate who fails to comply with the program may be removed from a work assignment or be reduced to maintenance pay. *Id.* at §§ 545.10-545.11; *See Johnpool v. Thornburgh*, 898 F.2d 849

---

[2] UNICOR is the trade name of Federal Prison Industries, Inc., a self-sustaining government corporation that provides employment and job training to BOP inmates while producing marketable goods and services.

(2d Cir.), *cert. denied*, 498 U.S. 819, 111 S. Ct. 63, 112 L. Ed. 2d 38 (1990) (there is no constitutional right to employment while incarcerated). In order to remove the "refuse" categorization, the inmate must demonstrate a willingness to continue participation in the program. In addition to regular program reviews, the BOP can respond immediately to an inmate's changing financial circumstances through the administrative remedy program which saves scarce judicial resources from being consumed by frequent motions to alter judgments. *See* 28 C.F.R. §§ 542.10-542.19.

## Discussion

In this case, the judgment provided that restitution was to be paid in equal monthly installments while the Petitioner is incarcerated leaving the issue of how much was to be paid each month to the discretion of the BOP. *United States v. Miller*, 406 F.3d 323 (5th Cir.2005) (judgment of conviction need not contain a specific schedule of restitution payments). In her motion, Smith does not mention any attempt to resolve her concerns through the BOP's administrative remedy program. Rather, Smith asks the court to alter her payment schedule.

The IFRP is designed to ameliorate the practical difficulties that would be involved if the sentencing courts were required to set a restitution repayment schedule without knowledge of whether a defendant will be employed in prison or the amount he will receive in wages or outside assistance. The BOP through its IFRP program is to be allowed some discretion in utilizing its institutional expertise and resources to create voluntary, flexible financial plans as evolving conditions dictate. For these reasons, the court declines to modify or stay the order of restitution. Ms. Smith has failed to demonstrate a material change in circumstances necessary to warrant disturbing the previously imposed restitution. Her motion, therefore, shall be denied.

A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 25th day of September, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE